## C. B. Joor v. W. A. Elder.

**Landlord and Tenant — Abandonment — Unpaid Rent.**

If a landlord covenants to put improvements on the leased premises and fails to do so the lessee has a right to abandon the lease at once, but is chargeable with rent for the time he has actually occupied the premises not paid for.[1]

Appellant, Mrs. C. B. Joor, made affidavit. for attachment for rent due and to become due, and the writ was levied on property belonging to appellee, W. A. Elder, her tenant. Elder replevied the property and filed his declaration. Appellant filed her avowry and appellee filed a replication alleging that there was no rent due or to become due.

On the trial Mrs. C. B. Joor, appellant, testified that she leased certain lands to appellee on the 20th day of February, 1885, executing a written lease. The lease contained the following stipula-

---

**1**

Section 2498, Code 1892, wherein it is provided that " a tenant shall not be bound to pay rent for buildings after their destruction by fire, or otherwise, without neglect or fault on his part, unless he has expressly stipulated to be so bound," applies to rural as well as urban premises, and where the rental value of a farm materially depends upon the use of a ginhouse thereon, its accidental loss by fire entitles the tenant not to damages, but to an abatement of the annual rent during his term, the abatement to be in such proportion as the value of the use of the ginhouse and meachinery bears to the value of the use of the whole premises. Taylor v. Hart, 73 Miss. 22, 18 So. 546.

While the breach of a contract to repair may not be the subject of set-off in an action for rent, damages from such breach may be availed of by way of recoupment. Fowler v. Payne, 49 Miss. 32.

Where a landlord covenants to repair and the lease is to commence in the future the performance of the covenant becomes a condition precedent, and if the premises are not repaired at the time when the term should begin the tenant is discharged. Kiernan v. Germain, 61 Miss. 498.

But upon such breach the tenant, if in possession, must promptly avail of the right to abandon the premises. If thereafter he goes into possession, or being in, remains in possession under the lease any length of time he waives the condition and must pay the rent. The extent of his right in that event is to recoup against the rent the depreciation of the value of the term because of the breach. Kiernan v. Germain, 61 Miss. 498.

The execution of a lease does not imply a covenant that the lessor will make repairs. Nor is there any implied covenant on his part that the premises are suitable for the lessee's business. It is for the tenant to protect himself by proper covenants. Jones v. Millsaps, 71 Miss. 10, 14 So. 440.

tions, to wit: " C. B. Joor, party of the first part, leases to W. A. Elder said land for $10 per month, payable monthly, said lease to commence on the 15th day of March, 1885, and end on the 31st day of December, 1886; the party of the first part agrees to have a bored well built on or before the 1st day of April, 1885, the said Elder agrees to advance the money to build same, the money to be taken out of rent." She further testified that she was the owner of the land leased and that Elder went into possession at the time named in the lease and she had a well built but it was not completed until about the 20th of April, 1885, and Elder paid for same out of rent; that on the 14th day of August, 1885, she went out to the premises and found that Elder was moving away with all his effects, when she sued out the writ of distress for rent; that at that time Elder owed two months' rent in arrears, amounting to $20, which added to the amount to become due up to the expiration of the lease amounted to $186; that Elder had before that time complained of the water in the well.

Appellee, Elder, testified that he leased the land from appellant with the understanding that the well be built, and that lease was to begin on March 15, 1885, and end December 31, 1886; that when the well was being bored he was informed that it could not be completed by the 1st of April, and he agreed to accept the lease if the well was bored by the time he moved on the place; that afterward he complained that the water in the well was not suitable to be used and was told that it would soon improve, but it did not improve and was never fit for stock to drink; that he had advanced May and June rents and when he was asked for rent on the 15th of July he refused to pay because the contract to have water had not been complied with; that Joor then agreed that if the water did not become fit for use in a month he would put good cypress curbing in the well; that the month passed and the water in the well could not be used by himself and family in any way, and no attention having been paid to it as agreed he abandoned the premises on the 14th day of August, 1885.

From a verdict and judgment for Elder, Mrs. Joor appealed.

APPEALED from Circuit Court, Wilkinson county, J. B. CHRISMAN, Judge.

Reversed and remanded, March 1, 1886.

*Attorneys for appellant, T. V. Noland and J. H. Jones.*

*Attorney for appellee, D. C. Bramlett.*

Brief of T. V. Noland, J. H. Jones:

We submit that the first assignment of error is well taken. This was a proceeding under section 1304 of the Code of 1880. There is no denial of the fact that Elder was moving his property from the premises; and that Mrs. Joor had a right to attach follows of course unless some good defense is interposed.

The defense set up is simply a breach of contract in not being furnished with water as stipulated in the contract. On this point the preponderance of evidence is clearly with appellant; appellee pays rent for three months and remains on the premises for two months after he refuses to pay more, on account of alleged bad water. * * * .

As to Elder's testimony it is in the main corroborative of testimony for appellant. * * *

We submit then that the weight of evidence is clearly against the fact relied on by appellee to avoid payment of his rent, and to warrant him in abandoning his contract, namely that no well had been bored as required by it.

We submit further that the conduct of Elder throughout as shown by all the testimony, his own included, is clearly suggestive of bad faith. The fact that he remained on the leased premises for nearly five months, two months after well was bored and two months after refusing to pay any rent, is utterly at variance with the defense set up, that the water tasted of the new curbing and was unfit for use. * * *

If Elder really had any just grounds to abandon his contract, which is not proven, he had waived it by his continued occupation after such cause had existed. It seems to us clear then that Elder abandoned his contract without just cause and was clearly bound for the rent for the remainder of the term, that is, to the 31st of December, 1885.

If the court, however, should hold that the contract should be considered either entire or divisible, then there can be no question at all that two months' rent was due, and the jury should have so found. Elder himself admits this by his conduct in paying rent for two months after the well was bored, and by occupying the

place two months after he got *tired* of paying for it. It is only necessary to suggest this point for consideration of the court, and we cite in support of it, Story on Contracts, p. 28, § 32; Sawyer *v.* Chicago, etc., R. Co., 22 Wis. 403; Orr *v.* Ward, 73 Ill. 318.

The second assignment of error, that the jury disregarded the instructions given for appellant in the Circuit Court, is certainly well taken. The instruction given for Mrs. Joor says that if Elder waived the construction of the well on April 1st, and if the water was only temporarily unfit for use, then there was no breach of contract and Mrs. Joor should recover. The first point raised is not controverted. Elder admits that he waived this provision of the contract.   *   *   *

### Brief of D. C. Bramlett:

A simple question of fact is involved here, upon which the jury has passed and their finding should not be disturbed. Appellant contracted to furnish, or rather to have a well bored on the leased premises before 15th March, 1885, meaning a well suitable for drinking purposes, etc. Failing to construct such a well, as the jury found, appellee was released from all liability. Kiernan *v.* Germain, 61 Miss. 498.

I submit that there is no error in the judgment of the court below, and it should be affirmed.

OPINION.—CAMPBELL, J., delivered the opinion of the court:

Upon the evidence of the appellee himself the appellant was entitled to a verdict. The appellee had been in possession two months beyond the time for which he paid rent, and had assented to and acquiesced in the proposal of Joor, on the 15th of July, to stay another month, and if by that time the well did not afford good water, the oak curbing would be removed, and other put in. Under this arrangement, a month should have expired, and if, after that, Joor with notice that the water had not improved sufficiently failed to comply with the obligation resting upon the lessor, the lessee might have left the premises, but even then it would have been a question how much was due for the occupancy not paid for.

*Reversed and remanded.*